310-07/JTN

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
SAFMARINE (PTY) LTD.
80 Pine Street
New York, New York 10005
(212) 425-1900
Justin T. Nastro (JN-2776)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WEAR FIRST SPORTSWEAR, INC.,

                                       07 Civ. 4618 (LAP)

          Plaintiff,

      against                ***ANSWER TO THE COMPLAINT***
                              ***WITH CROSS-CLAIMS***

M/V MSC MARIA PIA, her engines,
boilers, etc., SAFMARINE PTY., LTD.
and SCM LOGISTICS SOUTH AFRICA
PTY., LTD.

                 Defendants.
-------------------------------------------------------x

      Defendant SAFMARINE (PTY) LTD., (hereinafter "SAFMARINE") by its

attorneys Freehill, Hogan & Mahar, LLP, responding to the Complaint of Plaintiff

herein, alleges upon information and belief as follows:

      1.     Admits to the extent the claims involves the carriage of goods by sea,

that this is an admiralty and maritime claim within the meaning of Rule 9(h), but

NYDOCS1/288608.1

except as so specifically admitted, denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3.    Admits that SAFMARINE is a business entity with an office and place of business at The Marine, 22 Gardiner Street, Central Durban, South Africa 4001, and denies the remaining allegations in Paragraph 4 of the Complaint as SAFMARINE was at all times acting as an agent for a disclosed principal.

4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6.    Admits that on or about May 15, 2006, a Non-negotiable Waybill 750123733 was issued for containers MSKU9070112 and MAEU8050371, said to contain 1380 cartons of "denim woven jeans" for carriage at the Port of Cape Town for transport to the Port of Newark, New Jersey in consideration for an agreed freight charge, the carriage to be performed in accordance with the terms and conditions of

the bill of lading and/or waybill, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph "6" of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "7" of the Complaint.

8.    Denies the allegations contained in Paragraph 8 of the Complaint.

9.    Denies the allegations contained in Paragraph 9 of the Complaint.

10.    Denies the allegations contained in Paragraph 10 of the Complaint.

11.    Denies the allegations contained in Paragraph 11 of the Complaint.

### *AS AND FOR SAFMARINE'S AFFIRMATIVE DEFENSES*

### *FIRST AFFIRMATIVE DEFENSE*

12.    The Complaint fails to state a claim against SAFMARINE upon which relief can be granted.

### *SECOND AFFIRMATIVE DEFENSE*

13.    The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title

46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### *THIRD AFFIRMATIVE DEFENSE*

14.    The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which these SAFMARINE are not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

### *FOURTH AFFIRMATIVE DEFENSE*

15.    Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to SAFMARINE, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not SAFMARINE.

### *FIFTH AFFIRMATIVE DEFENSE*

16.    If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by SAFMARINE, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of SAFMARINE.

### *SIXTH AFFIRMATIVE DEFENSE*

17.    If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

### *SEVENTH AFFIRMATIVE DEFENSE*

18.    The Plaintiff is not the real party in interest to this suit.

### *EIGHTH AFFIRMATIVE DEFENSE*

19.    Plaintiff failed to give timely notice of this claim.   The claim is time barred by the applicable statute of limitations.

### *NINTH AFFIRMATIVE DEFENSE*

20.    Any liability of SAFMARINE, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### *TENTH AFFIRMATIVE DEFENSE*

21.    The Complaint fails to join a party or parties, in whose absence complete relief cannot be accorded among those already parties and who claim an

interest relating to the subject of the action and who are so situated that the disposition of this action in his or their absence may leave those already parties subject to a substantial risk of incurring double or multiple or otherwise inconsistent obligations.

### ELEVENTH AFFIRMATIVE DEFENSE

22.    The plaintiff has failed to mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

23.    This Court lacks subject matter jurisdiction over the present action.

### THIRTEENTH AFFIRMATIVE DEFENSE

24.    The Court lacks *in personam* jurisdiction over the answering defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

25.    Insufficiency of process and/or insufficiency of service.

### FIFTEENTH AFFIRMATIVE DEFENSE

26.    The Southern District of New York is an inappropriate and/or improper venue.

### AS AND FOR THEIR CROSS-CLAIMS AGAINST CO-DEFENDANT SCM LOGISTICS SOUTH AFRICA PTY., LTD., SAFMARINE ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

27.    Defendant SAFMARINE repeats and re-alleges each and every admission, denial and defense set forth above in response to Plaintiff's Complaint with the same force and effect as if set forth herein at length.

NYDOCS1/288608.1                                6

28.    If the shipment in suit was damaged as set forth in the Complaint, which is specifically denied, then the loss or damage was proximately caused by the negligence, breach of contract (express or implied), breach of warranty (express or implied), or the fault or omission of Co-Defendant SCM LOGISTICS, in whole or in part, and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of SAFMARINE.

29.    If Plaintiff is entitled to recover against SAFMARINE for the loss alleged in the Complaint, then SAFMARINE is entitled to recover indemnity and/or contribution from Co-Defendant SCM LOGISTICS for part or all of any such sums recovered, together with interest, costs and attorneys fees in defending against Plaintiff's action.

30.    If Plaintiff is not entitled to recover against SAFMARINE, then SAFMARINE is entitled to recover indemnity from Co-Defendant SCM LOGISTICS for all expenses and fees, including but not limited to interest, costs and attorneys fees, which SAFMARINE incurs in defending Plaintiff's action.

**WHEREFORE**, Defendant SAFMARINE (PTY) LTD. prays that:

(1)    That judgment be entered in its favor and against the Plaintiff dismissing the Complaint in its entirety, with prejudice, and with costs, disbursements, and attorney's fees incurred in this action awarded to answering defendant;

(2)    That a judgment be entered in favor of the answering defendant against co-defendant on the Cross-Claim of Answering Defendant; and

(3)    That the answering defendant have such other, further and different relief as the Court deems just and proper.

Dated:  New York, New York
        August 17, 2007

                    FREEHILL, HOGAN & MAHAR, LLP
                    Attorneys for Defendant
                    SAFMARINE (PTY) LTD.


                    By:
                        Justin T. Nastro, Esq. (JN-2776)
                        80 Pine Street, 24th Floor
                        New York, NY 10005-1759
                        Tel: (212) 425-1900
                        Fax: (212) 425-1901



TO:   CASEY & BARNETT, LLC
      Attorneys for Plaintiff
      WEAR FIRST SPORTS WEAR, INC.
      Martin F. Casey (MFC-1415)
      317 Madison Avenue, 21st Floor
      New York, New York 10017
      Tel. No: (212) 286-0225